EDWIN J. RAMBUSKI
State Bar No. 109602
1220 Marsh Street
P.O. Box 12503
San Luis Obispo, CA 93406
Tel.: (805) 546-8284
Fax: (805) 546-8489
Email: rambuskilaw@sbcglobal.net

Edwin J. Rambuski, Pro Se

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWIN J. RAMBUSKI,<br><br>                     Plaintiff,<br><br>       vs.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, and DOES 1 through 5, inclusive,<br><br>                     Defendants. | Case No.: CV08-05665 MMM (AJWx)<br><br>[Assigned to Hon. Margaret M. Morrow]<br><br>**PLAINTIFF'S OPPOSITION TO MOTION OF DEFENDANT FEDERAL DEPOSIT INSURANCE CORPORATION TO DISMISS COUNTS TWO, THREE AND FOUR OF THE SECOND AMENDED COMPLAINT**<br><br>Hearing Date:  March 15, 2010<br>Time:               10:00 a.m.<br>Courtroom:       780 |

   Defendant's motion to dismiss misconstrues the nature of Plaintiff's claims. Defendant attempts to construe Plaintiff's causes of action for malfeasance, including conversion, as a general unsecured creditor's claim against a receiver. This is not the nature of Plaintiff's claims.

   The entire motion to dismiss is based on the faulty assumption that Plaintiff's claim is a creditor's claim against the receiver appointed on March 19, 2009 and the fact that the receiver recently concluded that there are no funds to pay general unsecured creditor's claims.

   However, Plaintiff's claim arose prior to the appointment of the receiver on March 19, 2009. Plaintiff's claim for the tort of conversion on his funds in the approximate sum of

$120,000 arose against Defendant FDIC while it was operating IndyMac Federal Bank as a conservator. Defendant admits that it operated IndyMac Federal Bank as a conservator from July 11, 2008 through March 19, 2009.

Therefore, the fact that there are no funds to pay the claims of general unsecured creditors against the receivership which was formed on March 19, 2009 is not relevant to this case. Plaintiff has stated a good cause of action for, among other things, conversion of his funds by Defendant FDIC while it was acting as a conservator. 12 U.S.C. Section 1821(d)(11)(A) applies to general unsecured creditors of the receivership. Plaintiff's claim is not a "claim against the FDIC receiver" as Defendant states on page 6 of its moving papers.

Plaintiff has a tort claim against a government agency, the FDIC, which happens to arise while the FDIC was operating IndyMac Federal Savings Bank as a conservator. On or about July 18, 2008 Defendant FDIC converted Plaintiff's funds of approximately $120,000 by closing Plaintiff's account and withdrawing all of the funds. Thereafter, Defendant refused to account for the funds, refused Plaintiff any access to the funds, refused Plaintiff any access to the bank account which Defendant had closed, and used and treated Plaintiff's funds as Defendant's own money through and including at least September 25, 2008.

These claims against the FDIC for converting Plaintiff's funds have nothing to do with a claim of a general unsecured creditor of the receivership. The receivership did not even come into existence March 19, 2009.

The Plaintiff is entitled to a trial on his tort claims against the FDIC for converting his funds.

Dated: March 3, 2010

Edwin J. Rambuski, Pro Se

## PROOF OF SERVICE

I am a citizen of the United States and a resident of the County of San Luis Obispo; I am over the age of 18 and not a party to the within action or proceeding. I am employed by Edwin J. Rambuski, whose business office is located at 1220 Marsh Street, San Luis Obispo, California.

On March 3, 2010, I served the foregoing document described as: **PLAINTIFF'S OPPOSITION TO MOTION OF DEFENDANT FEDERAL DEPOSIT INSURANCE TO DISMISS COUNTS TWO, THREE AND FOUR OF THE SECOND AMENDED COMPLAINT** on the interested parties at their last known address in this action by placing a true and correct copy thereof in a sealed envelope with postage thereon fully prepaid in the United States Mail at San Luis Obispo, California, addressed as follows:

Attorneys for Defendant
Scott H. Christensen, Esq.
Hughes Hubbard & Reed LLP
1775 I Street, N.W.
Washington, D.C. 20006-2401

Attorneys for Defendant
Rita M. Haeusler, Esq.
Alex E. Spjute, Esq.
Hughes Hubbard & Reed LLP
350 South Grand Avenue, 36th Floor
Los Angeles, CA 90071-3442

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 3, 2010, at San Luis Obispo, California.

MARISSA ROWLAND